### 17054.   CITY OF ELBERTON *v.* JONES.

1. "The general rule is that sureties are liable only for a breach of official duty committed by their principal during the term of office for which the bond was given" (28 Cyc. 474, d) ; but under the Georgia statute all officers of this State must "discharge the duties of their office until their successors are commissioned and qualified." Civil Code (1910), § 261. The effect of this statute is to extend the term of office under the original appointment until a successor has been qualified, with the further effect that liability on such a bond continues where an official elected for a fixed period thereafter holds over, after its expiration, until his successor is appointed. *Mayor &c. of Cuthbert* v. *Brooks,* 49 *Ga.* 179 (3). *McDonald* v. *Bradshaw,* 2 *Ga.* 248 (46 Am. D. 385).
2. In the instant case, however, the judge did not err in sustaining the general demurrer to the petition, which was a suit on the official bond

Municipal Corporations, 28 Cyc. p. 474, n. 98, 99, 2.

of a city treasurer, it appearing from the petition that the bond sued on was given to cover his official conduct for a named year, and that the alleged defalcation occurred more than two years after the expiration of the term of office covered by the bond, and after the official had been twice re-elected to the office. And this is true although the petition alleged that no new bond was given under the successive subsequent elections, it not further appearing from the petition that he had not successfully qualified under his subsequent elections, by taking the oath of office; nor is there any allegation that upon thus successively qualifying by virtue of such subsequent elections, the city council required, as it was empowered to do, the giving of a bond for the faithful performance of the duties of his office during such subsequent term. Moreover, had a subsequent failure to take the oath of office been alleged, as well as the requirement to give bond and his failure to do so, such failure would amount to a mere irregularity, and under the facts stated the performance of the duties of·the office during the period of defalcation must be construed as falling within the last of the subsequent terms of office. *Rowe* v. *Tuck*, 149 *Ga.* 88 (99 S. E. 303, 5 A. L. R. 113).

DECIDED JUNE 16, 1926.

Complaint on bond; from city court of Elberton—Judge W. L. Hodges presiding. November 27, 1925.

*J. T. Sisk,* for plaintiff.

*Candler, Thomson & Hirsch, Tutt & Brown, W. B. Cody,* for defendants.

JENKINS, P. J. This was a suit by the City of Elberton against W. F. Jones, its former clerk and treasurer, as principal, and his sureties, on the official bond attached to the petition, which was dated March 3, 1921, and which recited and provided as follows: "William F. Jones having been elected by the city council city clerk and treasurer of the City of Elberton on the 17th day of January, 1921, to serve till the first Monday after the second Wednesday in January, 1922, now should the said William F. Jones, city clerk and treasurer aforesaid, well and faithfully perform the duties of said office in accordance with the ordinances of the City of Elberton, and at the termination of his term of office turn over to his successor all bonds and mortgages, moneys, books, and all other property of said city pertaining to the said office of city clerk and treasurer, then this bond to be void, else of full force and effect." The charter of the City of Elberton provides that "all subordinate officers or such as are elected or appointed by the council shall hold their office at the will of the council and receive such salary as may be fixed by the council, each of whom shall take an appropriate oath before entering upon the discharge of their

respective duties, and shall give bonds as the council may require," Ga. L. 1898, pp. 179-80, sec. 1. Thus, while the petition alleges that the treasurer had failed to give any subsequent bond, it fails to allege that he had not successively qualified under his subsequent elections, by taking the oath of office, nor is there any allegation to the effect that upon thus successively qualifying by virtue of such subsequent elections, the city council required, as it was empowered to do, the giving of a bond for the faithful performance of the duties of his office during such subsequent term. It appearing from the face of the petition that the alleged defalcation took place long subsequent to the original term of office to which the obligation of the bond was expressly limited, and that such alleged defalcation occurred during terms of office to which the official was subsequently elected, the petition was dismissed on general demurrer, the learned trial judge embodying in his judgment a statement of the legal principles governing his decision.

*Judgment affirmed. Stephens and Bell, JJ., concur.*